# Frankfurt Kurnit Klein + Selz pc

**Wendy Stryker**

28 Liberty Street, New York, New York 10005

T (212) 705-4838     F (212) 593-9175

wstryker@fkks.com

March 20, 2024

**VIA ECF & EMAIL (CronanNYSDChambers@nysd.uscourts.gov)**

Hon. John P. Cronan, USDJ
United States Courthouse
500 Pearl Street
New York, NY 10007

> The request is granted. Defendants may file their anticipated motion by April 3, 2024. Plaintiff shall oppose no later than April 17, 2024, and Defendants may reply by April 29, 2024. Defendants' motion to dismiss the original Complaint, Dkt. 11, is denied as moot, given the filing of the Amended Complaint, Dkt. 17. The Clerk of Court is respectfully directed to terminate the motions pending at docket Numbers 11 and 19.
>
> SO ORDERED.
> April 2, 2024
> New York, New York
>
> _____
> JOHN P. CRONAN
> United States District Judge

Re:   *Coscia v. Audrey Halpern, MD, PC d/b/a The Manhattan Center for Headache & Neurology and Audrey Halpern*, 23 CV 11066 (JC)(JC)

Dear Judge Cronan:

Pursuant to Rule 6(A) of your Honor's Individual Practice Rules, we write as counsel for Defendants in the above-referenced case to submit this letter advising the Court that Defendants seek to refile a motion to: (1) dismiss Plaintiff's Amended Complaint for failure to state a claim for discrimination, hostile work environment, and retaliation pursuant to FRCP 12(b)(6) and for lack of subject matter jurisdiction pursuant to FRCP 12(b)(1); and (2) strike the allegations contained in paragraphs 27-43, 51 and 56 pursuant to FRCP 12(f) on the grounds that they are immaterial, impertinent, and scandalous. Defendants incorporate herein the reasons stated in their February 13, 2024 pre-motion letter and provide additional explanation below. *See* ECF 6.

## The Nature and Posture of the Case

On March 1, 2024, Defendants filed a motion to dismiss Coscia's initial complaint (the "Complaint") pursuant to FRCP 12(b)(1) and 12(b)(6), and, to the extent necessary, a motion to strike allegations in the Complaint pursuant to FRCP 12(f).[1] Coscia, presumably recognizing the weaknesses in the Complaint, filed the Amended Complaint on March 13, 2024.

Plaintiff has amended his Complaint by adding additional factual allegations that fail to rectify previous pleading problems, and by adding a new cause of action for retaliation based on Dr. Halpern having sought and obtained a Civil Order in New York State Family Court in which Mr. Coscia *inter alia* agreed to stay away from Dr. Halpern's home and place of business, refrain from stalking and harassing her and third party family members, and whereby both parties agreed to only communicate with each other through Dr. Halpern's matrimonial attorney as is necessary to execute or as permitted by any order of custody or visitation regarding their son. For the reasons set forth below Defendants seek leave to move to dismiss the Amended Complaint and to deny leave to amend it again.

## The Basis for the Motion to Dismiss

First, with respect to his discrimination claims (Claims 1, 4, and 7), Coscia now alleges that he was discriminated against because he is a man based on one comment from an email in

---

[1] On December 21, 2023, Coscia filed a Complaint alleging hostile work environment, retaliation, and discrimination.

Hon. John P. Cronan, USDJ
March 20, 2024
Page -2

the context of his personal relationship and not his professional one. *See* Amended Complaint ¶¶ 50, 52-53, 63-64, 66, 83-84, 86, 101-103, and 106. "Naked assertions of. . . discrimination without any specific factual allegation of a causal link between the defendants' conduct and the plaintiff's protected characteristic are too conclusory to withstand a motion to dismiss." *Amaya v. Ballyshear LLC*, 295 F.Supp.3d 204, 220 (E.D.N.Y. 2018) (dismissing discrimination claim on 12(b)(6) motion).

Second, with respect to Coscia's hostile work environment ("HWE") claims (Claims 2, 5, and 8),[2] Coscia has not alleged facts sufficient to bolster his already-deficient claims. *See* Amended Complaint ¶¶ 69-73, 88-92 and 108-112. "Generally, unless an incident of harassment is sufficiently severe, 'incidents must be more than episodic; they must be sufficiently continuous and concerted in order to be deemed pervasive.'" *Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 102 (2d Cir. 2010).

Third, with respect to the retaliation claims (Claims 3, 6, and 9), Coscia alleges that he experienced retaliation nearly eight months after his termination because "[o]n or about January 25, 2024, Halpern filed a Family Offense Petition against [him], citing this lawsuit and the underlying EEOC" (Amended Complaint ¶ 57) and "Halpern's actions were retaliatory for Coscia's asserting his rights under Title VII, the NYSHRL, and the NYCHRL."

Here, Halpern filed a Family Offense Petition in the New York State Family Court seeking a protective order based on a "pattern of threatening and intimidating behavior" by Coscia, a former police officer, that included him threatening to report her to various authorities if she would not meet with him, pay his rent, or allow him to have lunch with their son which she has not prevented. By way of showing that he has or would followed through with those threats, Dr. Halpern included in her Petition as background that Coscia filed four Small Claims Court petitions as well as this action and more recently made verbal threats to "report her to the authorities", to the police and to state medical board and called her elderly father to make similar threats[3]. An Order of Protection was signed by Mr. Coscia on or about February 28, 2024. Since that time, Mr. Coscia has repeated contacted Dr. Halpern's matrimonial attorney, sent 60 emails (most of which were not about custody or visitation) and issued threats to both that attorney and Ms. Halpern via that attorney including that he filed ethics complaints against Dr. Halpern's current and former matrimonial attorneys, that somehow his complaint will "expose Dr. Halpern to possible criminal and work related issues" and advising that Dr. Halpern should "retain criminal defense counsel and representation in regards to her medical license." Among other things, Mr. Coscia used his status as a former police officer to attempt to harass and intimidate Dr. Halpern by advising matrimonial counsel that "if your client does follow her previous path and decide to harass me by filing frivolous counterclaims or another order of protection against me for this, please assure her that she will be in handcuffs by the end of the day."

Dr. Halpern using the Family Court system to protect herself from threats and harassment cannot form the basis for a claim for post-employment retaliation in particular where such a claim requires that the plaintiff allege that "an action *adverse to the Plaintiff's employment*

---

[2] These claims were not included in Coscia's EEOC Charge and are subject to dismissal pursuant to FRCP 12(b)(1).

[3] The Court did not entertain Mr. Coscia's petition containing multiple scurrilous allegations against Dr. Halpern, which was filed after the Court directed the parties to draft the Order that was eventually signed.

Hon. John P. Cronan, USDJ
March 20, 2024
Page -3

*occurred*, and that there was a causal connection between the protected activity and the adverse action." *Male v. Tops Markets, LLC*, No. 08-CV-6234, 2010 WL 4319769, at *2 (W.D.N.Y. Oct. 29, 2010) (emphasis added). First, Coscia does not allege that he suffered any adverse employment action as a result of Ms. Halpern's Family Offense Petition. *See e.g., Oliver v. Penny*, No. 119CV00233BKSDJS, 2020 WL 7316125, at *13 (N.D.N.Y. Dec. 11, 2020), *aff'd*, No. 21-111, 2022 WL 2165814 (2d Cir. June 16, 2022) (dismissing plaintiff's post-employment retaliation claim because "it does not allege an adverse action implicating Plaintiff's employment prospects."). Second, unlike the filing of a frivolous counterclaim in the instant case, Coscia's retaliation-based allegation here is with respect to a filing in a matrimonial/custody matter, two things that are not causally related. Mr. Coscia simply cannot be permitted to connect personal and employment matter in a manner that renders Dr. Halpern defenseless to protect herself from harm. *See Wanamaker v. Columbian Rope Co.*, 108 F.3d 462, 466 (2d Cir. 1997) ("[P]laintiffs may be able to state a claim for retaliation, even though they are no longer employed by the defendant company, if, for example, the company 'blacklists' the former employee, wrongfully refuses to write a recommendation to prospective employers, or sullies the plaintiff's reputation.") (internal citations omitted).

### The Basis for the Motion to Strike

Defendants also seek permission to file a motion to strike pursuant to FRCP Rule 12(f) the immaterial and scurrilous allegations in ¶¶ 27-43, 51 and 56 of the Amended Complaint, that have nothing to do with the issues in dispute. These allegations do not relate to Mr. Coscia's supposed employment-related claims, and do not relate to any of Defendants' anticipated defenses. They are exactly the sort of "immaterial, impertinent, or scandalous matter" in a party's pleading that have no bearing on the issue in dispute and are designed solely to "inflame the reader." *See, e.g., Oram v. SoulCycle LLC*, 979 F. Supp. 2d 498, 511 (S.D.N.Y. 2013) (striking allegations of alleged mistreatment of customers in case about wage practices).

### Proposed Briefing Schedule

Defendants can be prepared to file their brief by no later than April 3, 2024 and propose the following schedule: opposition briefs to be filed by April 17, reply by April 29.

### Conclusion

For the reasons set forth above, we thus respectfully request your Honor's permission to file Defendants' Motion to Dismiss pursuant to FRCP 12(b)(6) and 12(b)(1) and to Strike pursuant to FRCP 12(f).

                    Respectfully submitted,

                    */s/ Wendy Stryker*

                    Wendy Stryker

cc:  All Counsel of Record